UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FAREED HASAN BEY ex rel. KENNETH FAREEN HASAN, | ) CASE NO. 1:11 CV 1372 )  )  |
| Plaintiff, | ) JUDGE PATRICIA A. GAUGHAN )  |
| v. | )  ) MEMORANDUM OF OPINION |
| STATE OF OHIO, et al., | ) AND ORDER )  |
| Defendants. | ) |

**Introduction**

On July 6, 2011, Plaintiff Fareed Hasan Bey filed this *in forma pauperis* action, on his own behalf, against the State of Ohio, the City of East Cleveland, and East Cleveland Patrolman D'Shaun Thompson. Plaintiff identifies himself as an "Aboriginal Indigenous American Moor, possessing Freehold by Inheritance and Primogeniture; standing Squarely Affirmed, aligned and bound to the Zodiac Constitution, (AA222141), with all due respect and honors given to the Constitution for the United States Republic, North America, North Gate." (Doc. 1, p.1). He asserts claims under 42 U.S.C. §§ 1981, 1982, 1983, and 1985, and under 18 U.S.C. §§ 241, 242, 915, and 1651. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

**Facts**

The Complaint is brief. Plaintiff alleges Patrolman Thompson, who was "heavily armed with a taser, gun and mace," arrested him after "declar[ing] it a state of emergency, and used emergency procedures to hinder Plaintiff from his right to travel." Plaintiff states no crime was committed and

Thompson did not have a warrant to arrest him. It is further alleged Thompson required Plaintiff to exit his vehicle or Thompson would put handcuffs on him. Thompson "acted Judicial ... found plaintiff guilty of a crime ... and gave plaintiff a Bill of Exchange." Plaintiff's car was towed and thereafter "held for ransom." Plaintiff had to pay a towing company to retrieve his vehicle. Thompson allegedly caused "physical injury to Plaintiff," which "caused [Plaintiff] to have medical attention." (Doc. 1, p.2). Plaintiff also asserts he has suffered and will suffer emotional distress because he was "betrayed by the legal system." (Doc. 1, p 3).

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

**Discussion**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has

acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* As summarized in the "Facts" section above, Plaintiff's allegations are entirely conclusory. Therefore, even construing the Complaint liberally, it simply does not set forth a valid claim under the foregoing *Iqbal* standards. *See* also, *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

**Conclusion**

Accordingly, this action is dismissed under section 1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 1/3/12